**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| E. Carroll Rogers, ) | |
| ) | C.A. No. 4:09-cv-01540-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| River Hills Limited Partnership and River ) | |
| Hills Golf & Country Club of North Myrtle ) | |
| Beach, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on Defendants River Hills Limited Partnership (the "Partnership") and River Hills Golf & Country Club of North Myrtle Beach, Inc.'s (the "Corporation," and collectively "Defendants") Motion for Summary Judgment [Doc. 31]. On September 30, 2011, the court issued a text order containing a preliminary ruling granting Defendants' motion and providing that the court would issue a formal order on the motion at a later date. This is the court's formal order on Defendants' motion. For the reasons stated below, the court grants Defendants' Motion for Summary Judgment [Doc. 31].

**FACTUAL AND PROCEDURAL BACKGROUND**

River Hills is a residential subdivision and golf course community located in Little River, South Carolina. In connection with the development of River Hills, Rogers formed two entities with Harry A. Thomas ("Thomas"): the Partnership which was formed for purposes of owning and developing the residential property contained in River Hills and R. H. Golf Course Limited Partnership which was formed for purposes of owning and developing the golf course property.

1

Rogers and Thomas also formed the Corporation to serve as the general partner of both limited partnerships.

In January 1989, Thomas purchased a piece of property that abutted River Hills. Rogers alleges that the Partnership granted Thomas rights of ingress and egress through its adjoining property by a resolution made on the motion of Thomas and agreed to by Rogers during an April 1989 meeting of the Partnership. The resolution is documented in the corporate minutes (the "Minutes") of that meeting signed by Rogers and Thomas who were the only ones present during the meeting. The Minutes constitute the only record or document evidencing the easement.

Over time, the relationship among the parties interested in the River Hill entities deteriorated and Rogers was removed as President of the Corporation. Rogers eventually sold his interests in the entities in a series of transactions between Rogers, Thomas, John Mancino and Benjy Hardee (Hardee") in 1991. As part of the 1991 transactions, Rogers signed an Acknowledgment stating ". . . that neither River Hills Limited Partnership nor its partners have or are obligated to sell, assign or transfer any ingress or egress rights to any of its property to any person, including, but not limited to, the undersigned." [Doc. 31-1]. Rogers further represented and warranted that "[t]he corporate records book as submitted to Thomas F. Moran this 19th day of March, 1991 is a full and complete statement of all matters of the corporation, and nothing has been omitted therefrom." [Doc. 31-2]. Additionally, Rogers executed a Release of any claims against Defendants. *See* [Doc. 31-3]. The Minutes were not included in the corporate records submitted for the closing of the transactions. During this 1991 time period, Rogers bought from Thomas approximately 12 acres of property adjacent to River Hills. Rogers asserts that this property includes the alleged easement at issue in this case.

In February 2006, Rogers executed an agreement ("Sales Agreement") to sell the 12 acre parcel for 1.65 million dollars to Pureshooters, LLC. The Sales Agreement provided for a sixty-day due diligence period, during which time Rogers sought to obtain assurances from Defendants through its sole owner, Hardee,[1] regarding the easement. After several meetings, Hardee declined to acknowledge the easement. Rogers alleges that he could not consummate the Sales Agreement because of Defendants' refusal to confirm the existence of the alleged easement. Rogers filed his Complaint against Defendants in June 2009, alleging that Defendants breached the easement agreement in favor of Rogers's property for ingress and egress over property owned by the Partnership by failing to acknowledge the easement and that such breach resulted in the loss of the real estate contract with Pureshooters, LLC.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party,

---

[1] By August 2001, Hardee was the sole stockholder of the Corporation and owned all of the Partnership interests.

to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## DISCUSSION

### A. Breach of Easement Agreement

Defendants argue that they are entitled to summary judgment of Rogers's breach of easement agreement claim because Rogers cannot demonstrate any actual conveyance of an easement or any other property interest by the Partnership related to the parcel of land at issue. Specifically, Defendants contend that the Minutes record upon which Rogers relies fails to satisfy the Statute of Frauds and it is therefore unenforceable against Defendants.[2]

---

[2]Rogers suggests that summary judgment is never appropriate where there is a dispute as to the existence of an easement. *See* Plaintiff's Response in Opposition to Motion for Summary Judgment, at 8 [Doc. 34]. However, the determination of whether an agreement falls within the statute of frauds and whether a memorandum complies with the statute of frauds are questions of law for the court which may be properly resolved on a motion for summary judgment. *See* 37 C.J.S. FRAUDS, STATUTE OF § 228; *see also Commonwealth Film Processing, Inc. v. Courtaulds U.S., Inc.*, 717 F. Supp. 1157, 1159 (W.D. Va. 1989) (citing *Sun Studs, Inc. v. Applied Theory Assoc., Inc.*, 772 F.2d 1557, 1561 (Fed. Cir. 1985)) ("The issue of whether an alleged agreement is unenforceable under the statute of frauds is a question of law for the Court.").

The South Carolina Code of Laws provides in pertinent part:

No action shall be brought whereby: . . . (4) To charge any person upon any contract or sale of lands, tenements or hereditaments or any interest in or concerning them; . . . Unless the agreement upon which such action shall be brought or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith or some person thereunto by him lawfully authorized.

S.C. Code Ann. § 32-3-10 (2010) ("Statute of Frauds").

To satisfy the Statute of Frauds, "[t]he writing must reasonably identify the subject matter of the contract, sufficiently indicate a contract has been made between the parties, and state with reasonable certainty the essential terms of the agreement." *Player v. Chandler*, 299 S.C. 101, 106, 382 S.E.2d 891, 895 (1989) (citations omitted). In the context of a land sale, the signed writing must contain a description of the property which indicates, with reasonable certainty, the property to be conveyed without resort to parol evidence. *See Fici v. Koon*, 372 S.C. 341, 346, 642 S.E.2d 602, 604 (2007) (citations omitted). "A description that does not include the location of the land or its boundaries is inadequate. Where there is no adequate description of which part of a parcel is to be conveyed, the conveyance is unenforceable." *Id*. at 346-47, 642 S.E.2d at 604-05. An easement is an interest in land and the grant of such interest is subject to the rules applied to deeds and other written instruments concerning the conveyance of land. *See Binkley v. Rabon Creek Watershed Conservation Dist. of Fountain Inn*, 348 S.C. 58, 71, 558 S.E.2d 902, 909 (Ct. App. 2001). The burden of proving that a writing providing for the sale of land complies with the Statute of Frauds is on the party seeking to enforce the sale. *See Fici*, 372 S.C. at 346, 642 S.E.2d at 604.

Generally, corporate minutes are not written instruments. Instead, they function primarily to serve as a written record of what took place at a meeting. *See* 5A William Meade Fletcher, et al., FLETCHER CYLCOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 2206 (2010). Corporate minutes may evidence a formal agreement enforceable against a corporate entity and may constitute a

5

sufficient memorandum to satisfy the statute of frauds provided they contain all the essential terms of the agreement and are signed by the appropriate corporate officers. *Id.* However, they are not "sufficient to satisfy the statute where they show merely an executory purpose or intention or willingness to enter into a contract at some later time." *Id. Accord Computer Servicenters, Inc. v. Beacon Mfg. Co.*, 328 F. Supp. 653, 655-56 (D.S.C. 1970) *aff'd*, 443 F.2d 906 (4th Cir.1971) (noting that minutes which constitute only an authorization to enter into a contract in the future are insufficient to meet the requirements of the Statute of Frauds). *See also Marenyi v. Packard Press Corp.*, No. 90 Civ. 4439(CSH), 1991 WL 95375, at *1 (S.D.N.Y. May 23, 1991) ("While minutes of a board of directors may satisfy the statute of frauds, there must be the requisite finality, and board minutes reciting an agreement subject to further contingencies do not satisfy the statute").

> The Minutes cited by Rogers as evidence of the easement agreement provides:
>
> Hank [Thomas] motioned that the partnership grant rights of ingress and egress to a tract of land presently owned by Hank Thomas being an eleven and one-third (11 1/3) acre tract being described as: that certain parcel TMS # 118-00-04-016 and being adjacent to the eleventh (11th) hole on the River Hills Golf Course. This right of ingress and egress shall be large enough to meet the requirements of the Horry County Planning and Zoning Commission to enable said parcel to be made a part of River Hills Subdivision. In addition River Hills Limited Partnership will allow him or his assigns to have access to all water, sewer and other utilities within the River Hills Subdivision. This access shall become available at such time as the property owned by River Hills Subdivision adjoining the property owned by Hank Thomas is developed, further it is agreed that at the time that Hank Thomas or his assigns comments to the service provided by River Hills Partnership, Hank Thomas will pay $5,000.00 to the River Hills Partnership for these rights.

*See* [Doc. 31-4]. Defendants contend that the Minutes do not meet the requirements of the Statute of Frauds because the document is too vague to constitute an enforceable conveyance of land in accordance with the Statute of Frauds. Defendants also argue that the document merely represents an authorization for the Partnership to convey an easement to Thomas at some time in the future and, therefore, is not a writing sufficient to satisfy the Statute of Frauds. The court agrees.

The Minutes provide a reasonably certain description of the dominant estate that was to benefit from the easement by providing the acreage of the parcel, the tax map sequence number which could be easily located in the public record, and the location of the parcel relative to adjoining property. The description of the servient estate is less certain from the language of the document. Although the Minutes mention the River Hills Subdivision, there is nothing in the Minutes that describes the portion or parcel of the River Hills Subdivision property that is to be affected by the easement. Rogers asserts that the description of the servient estate is sufficient because at the time of the meeting reflected in the Minutes, the Partnership owned only one parcel of land adjacent to the dominant estate. However, this information is not apparent in the Minutes, but instead only available by reference to extrinsic evidence. This is insufficient to provide the reasonable certainty required by the Statute of Frauds. *See Fici*, 372 S.C. at 346, 642 S.E.2d at 604.

Furthermore, the Minutes do not contain an adequate description of the easement. A description of an easement "is sufficient when it contains language that acts as a guide to the location of the easement on the land such that the easement is 'capable of being rendered to a certainty [by reference] to something extrinsic ... to which it refer[s].'" *See Binkley*, 348 S.C. at 72, 558 S.E.2d at 909. It is not necessary that the easement be described by metes and bounds or definite dimensions, the easement must be sufficiently defined to indicate the location of the easement on the property. *Id*. In describing the easement, the Minutes simply provide: "This right of ingress and egress shall be large enough to meet the requirements of the Horry County Planning and Zoning Commission to enable said parcel to be made a part of River Hills Subdivision." Nothing in the Minutes specifies the location of the easement or even how one is to determine the location of the easement; the document only indicates the size of the easement. These descriptions are far too vague to constitute an enforceable conveyance.

Additionally, the Minutes do not satisfy the Statute of Frauds because it indicates no more than an executory promise. The document notes that Thomas "motioned that the partnership grant rights of ingress and egress" which "shall be" large enough to meet Horry County requirements. It further provides that "[t]his access shall becomes available" at a later time. This language does not suggest a present intention of conveyance, but only something to be completed upon the meeting of certain conditions. Therefore, the Minutes do not qualify as a sufficient written memorandum to satisfy the Statute of Frauds.

Because the document upon which Rogers relies to establish the easement agreement does not meet the requirements of the Statute of Frauds, such agreement is unenforceable against Defendants. Accordingly, Defendants are entitled to summary judgment on Rogers's claim for breach of easement agreement.[3]

### B. Tortious Interference With Contractual Relations

Rogers also alleges in his Complaint that Defendants intentionally interfered with the Sales Agreement by failing to recognize the existence of the purported easement agreement, thereby preventing him from closing the real estate transaction contained in the Sales Agreement. Defendants contend that a grant of summary judgment in their favor is appropriate because Rogers cannot demonstrate the elements necessary to prove his claim.

To prevail on a cause of action for tortious interference with contractual relations, a plaintiff must demonstrate: (1) the existence of a contract; (2) the defendant's knowledge of the contract; (3)

---

[3] Defendants also argue that they are entitled to summary judgment on Rogers's claim because the alleged conveyance fails for lack of consideration, because certain conditions precedent have not been satisfied, and because the alleged conveyance constitutes unauthorized partnership and corporate acts. Because the court disposes of this claim on the basis of the Statute of Frauds, the court need not address the other grounds raised by Defendants.

intentional procurement of its breach; (4) absence of justification; and (5) damages. *See Todd v. South Carolina Farm Bureau Mut. Ins. Co.*, 287 S.C. 190, 336 S.E.2d 472 (1985).[4]

Defendants argue that they are not liable for the collapse of the Sales Agreement between Rogers and Pureshooters, LLC, because they were justified in their position on the alleged easement agreement. An alleged tortfeasor is not liable for tortious interference with contractual relations where the alleged tortfeasor can show justification as by exercising a legal right or acting to protect a legitimate business interest. *See Commerce Funding Corp. v. Worldwide Sec. Services Corp.,* 249 F.3d 204, 210 (4th Cir. 2001); *see also Webb v. Elrod,* 308 S.C. 445, 448, 418 S.E.2d 559, 561 (Ct. App. 1992) ("[t]he exercise in good faith of a legal right by a party to a contract affords no basis for an action by the second party for intentional interference with a contract even though the consequence of the exercise of the legal right by the first party is to cause a third party not to perform another contract with the second party"). In this case, Defendants exercised a legitimate business interest in protecting its real estate assets. As discussed above, there was a genuine dispute between Rogers and Defendants concerning the legitimacy and enforceability of the purported easement at issue. Therefore, Defendants' failure to acknowledge the easement was a good faith exercise of their legal right to contest Rogers's claims concerning the easement.

Accordingly, Rogers cannot demonstrate the absence of justification and Defendants are entitled to summary judgment on this cause of action.

---

[4]Taking the evidence in the light most favorable to the plaintiff, there are genuine issues of material fact concerning whether the Sales Agreement was an enforceable contract and whether any such contract was breached. Additionally, the parties do not dispute Rogers's ability to demonstrate Defendants knowledge of the Sales Agreement or resulting damages. Therefore, the court will focus on the remaining element of the absence of justification.

## CONCLUSION[5]

For the foregoing reasons, the court **GRANTS** Defendants River Hills Limited Partnership and River Hills Golf & Country Club of North Myrtle Beach, Inc.'s Motion for Summary Judgment [Doc. 31].

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 7, 2011
Greenville, South Carolina

---

[5]Defendants also raise estoppel as a defense to Rogers's claims based on the Acknowledgment, Representations and Warranties, and Release signed by Rogers in connection with the 1991 transactions selling his interests in the River Hills entities. Given the court's disposition of the motion, it need not address Defendants' estoppel argument.